Exhibit "A"

STATE OF MICHIGAN

IN 6TH CIRCUIT COURT COUNTY OF OAKLAND

CIVIL DIVISION

Laquita Smith
                    Plaintiff,                     Case No. 2021-187437-CZ

V

Walmart Stores East, LP                 Judge: Daniel P. O'Brien

                  Defendant,

_____/

| Docks Law Firm PLLC | Nicole M. Wright (P63513) |
|---|---|
| Quentin T. Docks II (P#79657) | Zausmer P.C. |
| 22181 Huron River Drive, #204 | Attorneys for Defendant |
| Rockwood, MI 48173 | Suite 225 |
| (734) 377-8216 /F (734) 758-2238 | Farmington Hills, MI 48341 |
| dockslawfirm@gmail.com | (248) 451-4111 |
| | nwright@zausmer.com |

_____/

There is no other pending, prior, or resolved civil action arising out of the transaction or occurrence alleged in the Complaint in any court.

## COMPLAINT

NOW COMES Plaintiff, by and through her attorney and for her Complaint against the Defendant, states as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff is a resident of Warner Robins, GA 31093, at the time of the incident described.

2. Defendant is a Michigan foreign corporation, which at all relevant times, was doing business in Oakland County, Michigan; with a physical address 26090 Ingersol Drive,

1

Novi, MI 48375 and a registered office address of 601 Abbot Road East Lansing, MI 48223, and a resident agent named CSC-LAWYERS INCORPORATING SERVICE(COMPANY) conducting business in Oakland County, Michigan as of 10/2/1996.

3. Defendant is the owner and operator of a Department store selling discounted housewares, apparel, and electronics.

4. At all relevant times and belief is responsible for maintaining the cleanliness and safety of the building in which the Defendant conducts business.

5. The injury giving rise to this action took place in the entry way of Walmart lobby.

6. Upon information and belief, at all relevant times, the named Defendant and/or their agents and/or their employees had control over the entry way lobby of Walmart.

7. The amount in controversy is in excess of $25,000 and is otherwise within the jurisdiction of this Honorable Court.

8. On August 1st, 2020, the Plaintiff was a business invitee at Defendant's premises in Oakland County, State of Michigan.

9. Plaintiff suffered injuries on August 1st, 2020 when she slipped on the floor in the entry way at Defendant's premises.

10. At the time of the injury, the floor was damp and slippery due to the incoming traffic, leaving moisture residue from the rain several hours earlier, the hazard was unavoidable because of the Covid-19 protocols (only one way in and out) and non-detectable due to clear substance blending in with the floor and because of no "warning sign" of a wet floor.

Plaintiff requests that this court award compensatory damages that will fully and fairly compensate her for injuries, losses, and damages, in excess of $25,000 plus costs, interest, attorney fees, and other relief that is fair, just, and equitable under the circumstances.

## Count I Ordinary Negligence

11. Plaintiff incorporates by reference paragraphs 1 through 10.

12. Defendant owed Plaintiff the duty of due and reasonable care.

13. Defendant breached its duties and were negligent in one or more of the following ways:

   a. To maintain the premises in a reasonably safe condition;

   b. To exercise due care and caution in the maintenance of its premises;

   c. To adequately inspect, test, evaluate, and/or assess if floors are safe;

   d. To warn, advise, and instruct invitees regarding potentially dangerous conditions on the premise;

   e. violating the housing law of Michigan, MCL 125.401 et seq., by failing to keep the dwelling and all its parts in good repair;

   f. To adequately train employees to maintain, inspect, and clean floors;

   g. To adequately communicate to employees, supervisors, and other ostensible agents regarding known potential hazards to safeguard invitees;

   h. To make necessary repairs after having actual and/or constructive knowledge of the existence hazard;

    i. Other instances of negligence and/or gross negligence presently unknown to Plaintiff, which will be ascertained during the course of discovery or litigation.

As a direct and proximate result of Defendant Walmart, and/or ostensible agents and/or employees Plaintiff was severely injured from the fall injuries including:

    a. Tear of her Patella Tendon;

    b. back injury (Spine)

    c. pain and suffering;

    d. lost wages;

    e. menta trauma;

    f. Ongoing physical therapy;

    g. limited mobility;

    h. loss of enjoyment of life;

    i. Pharmacological care and services;

    j. humiliation;

    k. loss of future earning capacity.

## Count II Premise Liability

14. Plaintiff incorporates by reference paragraphs 1 through 13.

15. Plaintiff was an invitee at the Defendant's premise. Under Michigan's premise liability law an invitee is owed the highest duty of care.

16. The Defendant owed a duty to maintain the premises in a reasonably safe condition;

17. The Defendant owed a duty to warn invitees of dangers they know of, should know of, or have created.

18. A duty to inspect the premises to discover possible dangerous conditions if a reasonable person would have inspected under the circumstances.

19. Defendant improperly operated and maintained its lobby/entry area floors that it constituted a danger to Plaintiff and others on the premises and continued to be a danger.

20. The creation and maintenance of this danger by Defendant was a legal and proximate cause of the injury to Plaintiff.

21. The location where Plaintiff was injured was not open and obvious because there was no wet floor sign at the time of the incident and the slippery floor was not visible by casual inspection.

As a direct and proximate result of Defendant Walmart, and/or ostensible agents and/or employees, Plaintiff was severely injured from the fall injuries including:

    a. Tear of her Patella Tendon;

    b. back injury (spine)

    c. pain and suffering;

    d. lost wages;

    e. menta trauma;

    f. Ongoing physical therapy;

    g. limited mobility;

    h. loss of enjoyment of life;

    i. Pharmacological care and services;

    j. humiliation;

    k. loss of future earning capacity;

    l. medical bills.

## Count III Res Ispa Loquitor

22. Plaintiff Incorporate by reference paragraphs 1 through 21.

23. The event must be of a kind that ordinarily does not occur in the absence of someone's negligence.

24. It must be caused by an agency or instrumentality within the exclusive control of the Defendant.

25. It must not be due to any voluntary action or contribution on the part of the Plaintiff.

26. Evidence of the true explanation of the event must be more readily accessible to the Defendant than to the Plaintiff.

As a direct and proximate result of Defendant Walmart, and/or ostensible agents and/or employees, Plaintiff was severely injured from the fall injuries including:

   a. Tear of her Patella Tendon;

   b. back injury (spine)

   c. pain and suffering;

   d. lost wages;

   e. menta trauma;

   f. Ongoing physical therapy;

   g. limited mobility;

   h. loss of enjoyment of life;

   i. Pharmacological care and services;

   j. humiliation;

   k. loss of future earning capacity;

    l. medical bills.

PLAINTIFF REQUESTS that this court award compensatory damages that will fully and fairly compensate her for injuries, losses, damages, in excess of $25, 000 costs, interest, attorney fees, and other relief that is fair, just, and equitable under the circumstances.

## JURY DEMAND

Dated: 4/9/2021

/s/ Quentin T. Docks II
Quentin T. Docks II P#79657
Attorney for Plaintiff
22181 Huron River Drive #204
(734) 377-8216/F (734) 758-2238
dockslawfirm@gmail.com