UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAQUITA SMITH,

        Civil Action No. 21-11313

    Plaintiff,

        HON. MARK A. GOLDSMITH

vs.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

**OPINION & ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 18)**

Plaintiff Laquita Smith commenced this action in Oakland County Circuit Court against Defendant Wal-Mart East, LP after slipping on a wet floor in Wal-Mart's entryway (Dkt. 1-2). Wal-Mart removed to this Court on the basis of diversity jurisdiction (Dkt. 1). Before the Court is Wal-Mart's motion for summary judgment (Dkt. 18). Smith did not file a response. For the reasons that follow, the Court grants Wal-Mart's motion.

Smith's claims sound in premises liability.[1] Wal-Mart can defend against Smith's

---

[1] Smith also brings a claim in negligence. See Compl. ¶¶ 11–13 (alleging in part that Wal-Mart breached its duty "[t]o maintain the premises in a reasonably safe condition" and "[t]o exercise due care and caution in the maintenance of its premises"). However, under Michigan law, "'[i]f the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury.'" Russell v. Home Depot, Inc., No. 19-12501, 2021 WL 3566333, at *3 (E.D. Mich. Aug. 12, 2021) (quoting Buhalis v. Trinity Continuing Care Servs., 822 N.W.2d 254, 258 (Mich. Ct. App. 2012)). Because Smith alleges that her "injuries resulted from the presence of a . . . substance on the floor, a prototypical condition on the land," the Court assesses her claim under the premises liability standard, which entitles Wal-Mart to summary judgment on Smith's ordinary negligence claim. Russell, 2021 WL 3566333, at *4–*5. Additionally, Smith brings a claim in res ipsa loquitur, Compl. ¶¶ 22–26, but under Michigan law, res ipsa loquitur is not an independent cause of action;

premises liability claim by demonstrating that the accumulation of water on which Smith slipped was "open and obvious," which requires a showing that it was "'reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection.'" Lapczynski v. Walmart Stores, Inc., 761 F. App'x 530, 534 (6th Cir. 2019) (quoting Hoffner v. Lanctoe, 821 N.W.2d 88, 94–95 (Mich. 2012)). Wal-Mart is entitled to summary judgment on its "open and obvious" defense if it shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 380 (2007).

Wal-Mart has rallied persuasive evidence in support of this position. See Def. Br. in Supp. Mot. at 9–15. It provides security footage from the day of the incident, showing customers entering Wal-Mart with umbrellas while rain falls in the background before Smith passes through the doorway and then falls onto two hands and one knee (Dkt. 18-4). It provides the deposition testimony of Smith, who stated that she was aware that it had been raining that day, Smith Tr. at 59 (Dkt. 18-1), that nothing blocked her view of the floor when she entered the building, id. at 65, and that (after she had gotten back up) the water on the floor was visible from "probably four or five feet" away, id. at 75. Wal-Mart cites the deposition testimony of Deidre Windom, who accompanied Smith to Wal-Mart that day and noticed that "it was wet." Windom Tr. at 15 (Dkt. 18-3). And it cites case law where courts found that similar conditions were "open and obvious." See, e.g., Kennedy v. Great Atl. & Pac. Tea Co., 737 N.W.2d 179, 182 (Mich. Ct. App. 2007) (affirming grant of summary judgment to defendant in premises liability suit based on crushed

---

rather, it is a doctrine that allows for "an inference of negligence," Gatrall v. Macy's Retail Holdings, Inc., No. 11-10148, 2011 WL 4434809, at *2–*3 (E.D. Mich. Sept. 23, 2011) (punctuation modified) (dismissing res ipsa loquitur claim).

grapes on floor where plaintiff "testified during his deposition that the crushed grapes were readily observable after he slipped and that he and several other people all noticed the existence of the crushed grapes and grape residue once they actually looked at the floor"); Lapczynski, 761 F. App'x at 536 (affirming grant of summary judgment to defendant under Michigan law because "the risk of slipping on water in Walmart was open and obvious as a matter of law," noting that it was "reasonable to expect that on a particularly wet day, customers track water inside on their shoes").

Smith elected not to file a response to Wal-Mart's motion. "When no response is filed to a summary judgment motion, the district court may rely upon the facts advanced by the movant." Acuity v. Nick's Trucking & Excavating, LLC, No. 15-11907, 2016 WL 4060975, at *1 (E.D. Mich. July 29, 2016) (citing Spurlock v. Whitley, 79 F. App'x 837, 839 (6th Cir. 2003)) ("Federal Rule of Civil Procedure 56(e) requires that the nonmoving party's response designate specific facts demonstrating the existence of genuine issues of material fact. The nonmoving party is deemed to have waived its opportunity to designate facts in accordance with Rule 56(e) when it fails to properly file a response.") (citations omitted).

Relying on the facts advanced by Wal-Mart, the Court finds that there are no genuine issues of material fact as to the open and obvious condition of the water on the floor at the time Smith slipped. It was reasonable to expect that water might accumulate in the store's entryway on a rainy day, and the water on the floor was visible from a distance. See Kennedy, 737 N.W.2d at 182; Lapczynski, 761 F. App'x at 536. The alleged cause of Smith's injuries was thus open and obvious, defeating her premises liability claim. Hoffner, 821 N.W.2d at 94–95.

Accordingly, the Court grants Wal-Mart's motion for summary judgment (Dkt. 18).

SO ORDERED.

Dated: July 26, 2022  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 26, 2022.

s/D. Tofil  
Case Manager